## IN THE DELAWARE COUNTY COURT OF COMMON PLEAS
## CIVIL DIVISION

| | |
|---|---|
| JEFFREY WYCKOFF<br>PO Box 642<br>Delaware, Ohio 43015,<br><br>Plaintiff,<br><br>-vs.-<br><br>FRESH START SOLUTIONS, LLC<br>1645 Palm Beach Lakes Boulevard<br>Suite 480<br>West Palm Beach, Florida 33401,<br><br>Defendant,<br><br>and<br><br>FRESH START ADVISORS, LLC<br>7601 North Federal Highway<br>Suite 150B<br>Boca Raton, Florida 33487,<br><br>Defendant,<br><br>and<br><br>GLOBAL CLIENT SOLUTIONS, LLC<br>9820 East 41st Street, Suite 400<br>Tulsa, Oklahoma 74146,<br><br>Defendant. | CASE NO. 09-CV-H-06-0811<br><br>JUDGE  **EVERETT H. KRUEGER**<br><br>**COMPLAINT**<br><br>Jury Demand Endorsed Hereon |

### PARTIES

1. At all times relevant herein, Plaintiff, Jeffrey Wyckoff, is and was a natural person residing in the County of Delaware, State of Ohio.

2. At all times relevant herein, Defendant Fresh Start Solutions, LLC (hereinafter "FSS") is and was a for-profit limited liability company organized in Florida

Common Pleas Court
Delaware Co., Ohio
I hereby certify the within be a true copy of the original on file in this office.
Jan Antonoplos, Clerk of Court
By _____ Deput

and engaged in the business of debt adjusting, as that term is defined in O.R.C. § 4710.01, and doing business in the State of Ohio.

3. At all times relevant herein, Defendant Fresh Start Advisors, LLC (hereinafter "FSA"), is and was a for-profit limited liability company organized in Florida and engaged in the business of debt adjusting, as that term is defined in O.R.C. § 4710.01, and doing business in the State of Ohio.

4. Upon information and belief, at all times relevant herein, Defendant Global Client Solutions, LLC (hereinafter "GCS") is and was a for-profit limited liability company organized in Oklahoma and engaged in the business of debt adjusting, as that term is defined in O.R.C. § 4710.01, and doing business in the State of Ohio.

5. Defendants FSS, FSA and GCS are "persons" as that term is defined in O.R.C. § 4710.01.

6. All underlying transactions occurred within Delaware County, Ohio and therefore venue is proper.

## FACTS COMMON TO ALL ALLEGATIONS

7. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

8. On or about March 7, 2007, in the State of Ohio, Plaintiff entered into a contract (hereinafter "the contract") with Defendant FSS and/or Defendant FSA. A copy of this contract is attached hereto as *Exhibit A*.

9. At the time he entered into the contract, Plaintiff had a total of $11,976.45 in unsecured debt. This total amount was spread over seven credit accounts with various banks and/or retailers.

10. Pursuant to the terms and conditions of the contract, Plaintiff was required to pay and did pay to Defendants a "one-time non-refundable retainer fee" of $795.00. This fee was amortized over the life of the contract (24 months) and paid by Plaintiff in monthly installments.

11. Pursuant to the terms and conditions of the contract, Plaintiff was required to pay and did pay Defendants a "monthly program fee" of $29.00.

12. Under the terms and conditions of the contract, Defendants were to attempt to arrange settlements for 53% or less that the creditors' claims for all of Plaintiff's unsecured debt. If Defendants could not make such an arrangement with a creditor, Defendants were to contact Plaintiff to receive approval before paying that creditor.

13. Pursuant to the terms and conditions of the contract, Plaintiff was required to pay Defendants $323.42 each month for 24 months. Although it was not clearly spelled out in the contract, Plaintiff believes that of the $323.42 he was required to pay to Defendants each month, $29.00 was for the "monthly program fee," $33.13 was for the "one-time non-refundable retainer fee" and $261.30 was being distributed to his various creditors.

14. Under the terms and conditions of the contract, the $323.42 monthly payment by Plaintiff to Defendants was automatically withdrawn from Plaintiff's personal bank account by Defendants FSS and FSA.

15. Approximately one year after he entered into the contract with Defendants FSS and FSA, Plaintiff was advised that the $323.42 monthly payment by Plaintiff to

3

Defendants was automatically withdrawn from Plaintiff's personal bank account by Defendant GCS. See *Exhibit B*.

16. After or as part of entering into the contract, Plaintiff was required to and did execute a document purported to be a Power of Attorney appointing Defendant FSS his attorney-in-fact. A copy of this purported Power of Attorney is attached hereto as *Exhibit C*.

17. After entering into the contract, Defendants warned Plaintiff to, among other things, not engage in any telephone conversations with his creditors and to refer all creditors and correspondence from creditors to Defendants.. See *Exhibit D*. Defendants further advised Plaintiff that **"Failure to adhere to these guidelines, or any instruction while enrolled in FSS's "Debt Elimination Program," can undermine your negotiator's leverage on settlements and jeopardize the superior results you should expect to receive with Fresh Start Solutions, LLC."** (bold in original).

18. Between January 2009 and April 2009, Plaintiff discovered that Defendants had not paid off or been making payments on at least two of the accounts.

## COUNT I – VIOLATION OF O.R.C. § 4710.02

19. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

20. Under O.R.C. § 4710.02(B)(1), a person engaged in the business of debt adjusting for a fee or for contributions "shall not . . . [c]harge or accept a fee or contribution exceeding seventy-five dollars from a debtor residing in this state for an initial consultation or initial set up of a debt management plan or similar plan. . . ."

4

21. Under O.R.C. § 4710.02(B)(2), a person engaged in the business of debt adjusting for a fee or for contributions "shall not . . . [c]harge or accept consultation fees or contributions exceeding one hundred dollars per calendar year from a debtor residing in this state. . . ."

22. Under O.R.C. § 4710.02(F)(1), a person engaged in the business of debt adjusting shall not violate O.R.C. § 4710.02(B).

23. Under the terms and conditions of the contract between Plaintiff and Defendants FSS and FSA, Plaintiff was required to and did pay to Defendants a "one-time non-refundable retainer fee" of $795.00.

24. Amortized over the life of the contract (24 months), the "one-time non-refundable retainer fee" of $795.00 was paid to Defendants FSS and FSA by Plaintiff at the rate of $33.13 per month (which results in a fee of $397.56 per year).

25. By charging Plaintiff a "one-time non-refundable retainer fee" of $795.00, Defendants FSS and FSA violated O.R.C. § 4710.02(B)(1).

26. By charging Plaintiff a "one-time non-refundable retainer fee" of $795.00, amortized over life of the contract (24 months), Defendants FSS and FSA violated O.R.C. § 4710.02(B)(2).

27. As a result of Defendants' violation of O.R.C. §§ 4710.02(B)(1) and (2), Plaintiff has been injured and/or damaged.

28. Under O.R.C. § 4710.04(A), any violation of O.R.C. § 4710(F)(1) is an "unfair or deceptive practice in violation of section 1345.02 of the Revised Code" and Plaintiff is entitled to relief and damages pursuant to O.R.C. § 1345.09, including, but not limited to, treble damages and attorneys' fees.

5

## COUNT II – FRAUD

29. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

30. Defendants FSS and FSA made false representations to Plaintiff at the time Plaintiff and Defendants entered into the contract. Specifically, Defendants FSS and FSA represented to Plaintiff that, in exchange for Plaintiff paying directly to Defendants the sum of $323.42 each month, Defendants would negotiate with and pay Plaintiff's creditors. In fact, Plaintiff has learned that at least two creditors have not received any money from Defendants on behalf of Plaintiff.

31. Such representation made by Defendants FSS and FSA to Plaintiff was material to the transaction.

32. Such representation made by Defendants FSS and FSA to Plaintiff was made with knowledge of its falsity or with such utter disregard and recklessness as to whether it was true or false that knowledge may be inferred.

33. Such representation made by Defendants FSS and FSA to Plaintiff was made with the intent to mislead Plaintiff into relying upon it.

34. Plaintiff relied upon such representation made by Defendants FSS and FSA to Plaintiff and it was reasonable for Plaintiff to rely upon such representation.

35. As a result of his reliance upon such representation made by Defendants FSS and FSA to Plaintiff, Plaintiff has been injured and/or damaged.

## COUNT III – BREACH OF FIDUCIARY DUTY

36. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

6

37. As a result of the contract entered into between Plaintiff and Defendants FSS and FSA, Plaintiff and Defendants were in a fiduciary relationship. Plaintiff reposed a special confidence and trust in the integrity and fidelity of Defendants FSS and FSA resulting in Defendants having a position of superiority or influence over Plaintiff.

38. In failing to pay at least two of Plaintiff's creditors any money, Defendants FSS and FSA have breached their fiduciary duty to Plaintiff.

39. As a result of Defendants FSS and FSA breaching their fiduciary duty to Plaintiff, Plaintiff has been injured and/or damaged.

## COUNT IV – BREACH OF CONTRACT

40. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

41. Under the terms and conditions of the contract, Defendants FSS and FSA represented to Plaintiff that, in exchange for Plaintiff paying directly to Defendants the sum of $323.42 each month, Defendants would negotiate with and pay Plaintiff's creditors. In fact, Plaintiff has learned that at least two creditors have not received any money from Defendants on behalf of Plaintiff.

42. In failing to pay at least two of Plaintiff's creditors, Defendants FSS and FSA breached the contract.

43. As a result of Defendants FSS and FSA breaching the contract, Plaintiff has been injured and/or damaged.

## COUNT V – CONVERSION

44. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

7

45. Under the terms and conditions of the contract, Defendants FSS and FSA represented to Plaintiff that, in exchange for Plaintiff paying directly to Defendants the sum of $323.42 each month, Defendants FSS and FSA would negotiate with and pay Plaintiff's creditors. In fact, Plaintiff has learned that at least two creditors have not received any money from Defendants on behalf of Plaintiff.

46. Under O.R.C. § 4710.02(A)(2), Defendants FSS and FSA were required to "[m]aintain a separate trust account for the receipt of any funds from debtors and the disbursement of the funds to creditors on behalf of the debtors...."

47. By maintaining "a separate trust account for the receipt of any funds from debtors and the disbursement of the funds to creditors on behalf of the debtors," the money paid by Plaintiff to Defendants FSS and FSA remained Plaintiff's property until such time as Plaintiff's creditors were paid with such money by Defendants on Plaintiff's behalf.

48. Under the terms and conditions of the contract, the $323.42 monthly payment by Plaintiff to Defendants was automatically withdrawn from Plaintiff's personal bank account by Defendant GCS.

49. In failing to pay at least of Plaintiff's creditors, Defendants have wrongfully converted and/or disposed of Plaintiff's money.

50. As a result of Defendants conversion of Plaintiff's money, Plaintiff has been injured and/or damaged.

## COUNT VI – CIVIL CONSPIRACY

51. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

8

52. Under the terms and conditions of the contract, Defendants represented to Plaintiff that, in exchange for Plaintiff paying directly to Defendants the sum of $323.42 each month, Defendants would negotiate with and pay Plaintiff's creditors. In fact, Plaintiff has learned that at least two creditors have not received any money from Defendants on behalf of Plaintiff.

53. Under the terms and conditions of the contract, the $323.42 monthly payment by Plaintiff to Defendants was automatically withdrawn from Plaintiff's personal bank account by Defendant GCS.

54. The actions and conduct of Defendants were done in malicious combination and in a way not competent for one of them alone.

55. The actions and conduct of Defendants demonstrate malice and/or aggravated or egregious fraud.

56. As a result of the conspiracy between Defendants, Plaintiff has been injured and/or damaged.

## COUNT VII – CIVIL RICO

57. Plaintiff realleges and incorporates herein all previous Paragraphs of this Complaint as if fully rewritten herein.

58. Under the terms and conditions of the contract, Defendants represented to Plaintiff that, in exchange for Plaintiff paying directly to Defendants the sum of $323.42 each month, Defendants would negotiate with and pay Plaintiff's creditors. In fact, Plaintiff has learned that at least two creditors have not received any money from Defendants on behalf of Plaintiff.

9

59. Under the terms and conditions of the contract, the $323.42 monthly payment by Plaintiff to Defendants was automatically withdrawn from Plaintiff's personal bank account by Defendant GCS.

60. As a result of the actions and conduct of Defendants, Plaintiff has been injured and/or damaged.

61. The actions and conduct of Defendants constitute a "pattern of corrupt activity" as that term is defined in O.R.C. § 2923.31.

62. The actions and conduct of Defendants demonstrate malice and/or aggravated or egregious fraud.

63. The actions and conduct of Defendants constituted a violation O.R.C. § 2923.32.

64. Plaintiff brings this action against Defendants pursuant to O.R.C. § 2923.34.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount greater than twenty-five thousand dollars ($25,000.00), plus punitive damages, interest, attorney fees, and costs.

Respectfully Submitted,

DAVID A. GOLDSTEIN (0064461)
SETH K. KLEINMAN (0074855)
DAVID A. GOLDSTEIN CO., L.P.A.
326 S. High Street, Suite 500
Columbus, OH 43215
(614) 222-1889
(614) 222-1899 (Fax)
dgoldstein@dgoldsteinlaw.com
skleinman@dgoldsteinlaw.com
Attorneys for Plaintiff

10

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

_____
DAVID A. GOLDSTEIN (0064461)
SETH K. KLEINMAN (0074855)